UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DENNIS J. WOESSNER,

    Plaintiff,

vs.                                                   Case No. 3:05-cv-769-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees (Doc. 21) filed August 29, 2006. This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ in Plaintiff's favor with respect to Plaintiff's claim for benefits. (Doc. 20). The Commissioner filed a response in opposition to the petition (Doc. 22) on September 13, 2006.[1] Accordingly, the matter is now ripe for judicial review.

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is

---

[1] On September 19, 2006, Plaintiff filed a Response to Defendant's Objections (Doc. 23). Pursuant to Local Rule 3.01(c), parties are not permitted to file reply briefs without prior leave of Court. As Plaintiff failed to seek leave to file a reply brief, the Court will strike this document.

-1-

timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. See 28 U.S.C. § 2412(d)(1) and (2).

    1. Prevailing Party

The Judgment in this case (Doc. 20), filed on July 27, 2006, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993). Accordingly, Plaintiff is the prevailing party in this case.

    2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "Final Judgment" is defined as a judgment that "is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days. Fed. R. App. P. 4(a)(1)(B). The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered. See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996). The Commissioner does not argue that the petition was untimely. Accordingly, the Court finds the Petition was timely filed.

3. Claimant's Net Worth

Plaintiff asserts that his net worth was less than $2 million at the time this proceeding was filed and the Commissioner does not contest.  Accordingly, the Court finds this requirement satisfied.

4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of her position as a whole.  See U.S. v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997).  Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified.  In this case, the Commissioner argues her position was substantially justified and asks the Court to deny Plaintiff's petition for attorney's fees on this ground.

The Supreme Court has held that the standard determining "substantial justification" is one of reasonableness.  Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541 (1988).  The Eleventh Circuit has adopted a reasonableness standard as well. U.S. v. Certain Real Estate Property, 838 F.2d 1558, 1561 (11th Cir. 1988).  The government has the burden of proving its conduct was substantially justified in both law and fact at each stage of this matter, both pre-litigation and during the actual litigation. Id.; Stratton v. Bowen, 827 F.2d 1447, 1449-50 (11th Cir. 1987); Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).  The ALJ's decision constitutes part of the Commissioner's pre-litigation conduct.  Golembiewski, 382 F.3d at 724.  Thus, "fees may be awarded in cases where the government's pre-litigation conduct was not

substantially justified even though its litigating position may have been substantially justified and vice versa." Lechner v. Barnhart, 330 F.Supp.2d 1005, 1007 (E.D. Wis. 2004).

The undersigned finds the Commissioner's pre-litigation conduct was not substantially justified. Throughout the hearing, the ALJ repeatedly informed counsel for the claimant that she would not concern herself with any evidence dated after June 30, 2002, Plaintiff's date last insured ("DLI"). (Tr. 358-59, 369, 370, 384, 385). These statements by the ALJ were incorrect. Instead, the ALJ should have considered evidence subsequent to the DLI insofar as the evidence had any bearing on Plaintiff's condition prior to the DLI. See Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1997) (holding that physician's opinions entitled to significant weight even if the physician did not treat the plaintiff until after the plaintiff's date last insured), *superceded by statute on other grounds as stated in* Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Halvorsen v. Heckler, 743 F.2d 1221, 1225-26 (7th Cir. 1984) (Commissioner erred in refusing to consider post-1965 medical records pertaining to the disabling effect of a claimant's epilepsy prior to 1965).

In the instant case, the ALJ made it abundantly clear that she was not going to "concern" herself with the records from Drs. Collier, Tandron and Carrasquillo because Plaintiff saw these doctors well after the expiration of his DLI. These statements coupled with the ALJ's failure to discuss this evidence causes the Court to be confident the ALJ rejected this evidence out of hand. As such, the Court finds she acted unreasonably and therefore, the Commissioner's position is not substantially justified.

     5. No Special Circumstances

The Commissioner does not argue and the Court finds no special circumstances exist such that an award of fees would be unjust.

**B.  Amount of Fees**

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought.  Plaintiff requests an award of $2,795.50 in attorney's fees, representing 17.2 hours at an hourly rate of $162.50 as well as $13.95 in costs.  (Doc. 21).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate.  In his memorandum, counsel for Plaintiff argues that based on the Consumer Price Index, the hourly rates for 2006 should be $162.50.  The Commissioner opposes this rate because the majority of the work performed in this case was performed in 2005 and the Commissioner argues the hourly rate of $156.79 for the work performed in 2005 is appropriate.  (Doc. 22).  The Court agrees with the Commissioner that Plaintiff should not be awarded a cost of living adjustment based on the 2006 rate for work performed in 2005.  Accordingly, the Court will utilize the hourly rate of $156.79 for work performed in 2005 (15.6 hours) and $162.50 for work performed in 2006 (1.6 hours).

The Plaintiff seeks an award based on a total of 17.2 hours of attorney time. The Court believes 17.2 hours of attorney time is reasonable in this case. Therefore, the Court finds $2,705.92 ($156.79 x 15.6 hours plus $162.50 x 1.6 hours) is a reasonable fee in this case.[2] Additionally, the Court will award Plaintiff $13.95 in expenses for a total award of $2,719.87.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

1.  Plaintiff's Petition for Attorney's Fees (Doc. 21) is **GRANTED**.

2.  The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,705.92 in attorney's fees and $13.95 in expenses for a total award of $2,719.87.

3.  The Clerk is directed to strike Plaintiff's Response to Defendant's Objections (Doc. 23).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of September, 2006.

*Monte C. Richardson*
        MONTE C. RICHARDSON
 UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2] The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.